UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW SIMMONS | *CIVIL NO. 6:15-0082 |
| VERSUS | *JUDGE DOHERTY |
| STAR ENTERPRISES INC. OF MORGAN CITY, ET AL. | *MAGISTRATE JUDGE HANNA |

## RULING

Pending before the court is the Motion to Compel filed by defendants Miss Karley, Inc. and Heather Lynn, Inc. (collectively "Heather Lynn") on May 16, 2016. [rec. doc. 30]. Heather Lynn seeks an order directing co-defendant Star Enterprises, Inc. of Morgan City ("Star"), to provide supplemental discovery responses to Heather Lynn's Interrogatories and Requests for Production of Documents propounded on February 11, 2016, as well as attorney's fees and costs in connection with the filing of the Motion. Star has filed Opposition to which Heather Lynn has filed a Reply. [rec. docs. 32 and 35]. The motion has been set on the Court's June 28, 2016 motion calendar with oral argument, in accord with the Court's routine procedures for handling motions.

For the reasons which follow, the **oral argument** on June 28, 2016 is **CANCELED,** and the pending Motion to Compel is granted in part and denied in part. The associated request for attorney's fees and costs [rec. doc. 30] is denied.

Star is ordered to provide supplemental responses to Interrogatories 1, 2, 3, 4 and 10. Star is to supplement its response to interrogatory 7 for the time frame from February 2012 until August 2014 only as it applies to maintenance of lighting. The Court specifically finds the information sought is relevant and proportionate to the needs of the case.

Star is ordered to provide supplemental responses to requests for production 1, 2, 3, 4, 10, and 12. Star is ordered to supplement its responses to request numbers 7 and 15 for the time frame from February 2012 until August 2014 only as it applies to maintenance and repair of lighting on the dock.

To the extent Star is withholding any documents or ESI responsive to request number 23, Star is to provide a privilege log in compliance Rule 26(b)(5). To the extent Star lodged objections that the requests are "vague, ambiguous, overly broad and unduly burdensome" are contained in their prior responses, those objections shall be withdrawn, and if there are any further objections, they SHALL be made with the specificity required by Rule 33(b)(4) and 34(b)(2)(B) and (C). Otherwise, all objections are to be withdrawn.

The Court does not accept a return site inspection four years after the fact to provide a meaningful alternative to verified responses. If Star has produced all that it has within is "possession, custody or control," it shall so designate in its supplemental responses. The Court specifically emphasizes the disjunctive nature of Rule 34(a)(1)

and counsel is directed to the jurisprudence which defines those terms broadly to include documents or ESI a party has a legal right or practical ability to obtain even if from an unrelated third party.

In all other respects, the motion is denied. It is further ordered that oral argument is cancelled.

Signed this 20th day of June, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**